UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEUROLOGICA CORP., <br><br> Plaintiff, <br><br> v. <br><br> MUNICH RE SYNDICATE LIMITED and, ROANOKE INSURANCE GROUP INC., <br><br> Defendant. | DOCKET NO. _____ |

## COMPLAINT AND JURY DEMAND

1. Plaintiff NeuroLogica Corp. ("NeuroLogica") brings this action against Munich Re Syndicate Limited and Roanoke Insurance Group Inc. seeking a declaratory judgment directing the Defendants to provide insurance coverage to NeuroLogica, as well as for breach of contract by the Defendants for refusing to provide insurance coverage under the insurance policy and certificate of insurance issued by and on behalf of Defendants providing insurance coverage for all loss or damage in connection with a shipment of certain goods by NeuroLogica.

## THE PARTIES

2. Plaintiff NeuroLogica Corp. is a corporation organized and existing under the laws of the State of Massachusetts. NeuroLogica has a principle place of business at 14 Electronics Avenue, Danvers, Massachusetts.

3. Upon information and belief, Munich Re Syndicate Limited ("Munich Re") (formerly known as Munich Re Syndicate 457) is a company registered in England and Wales under number 01328742 and acts as an underwriter of insurance at Lloyd's of London with its principle place of business at St. Helen's, 1 Undershaft, London EC3A 8EE.

4. Upon information and belief, Roanoke Insurance Group Inc. ("Roanoke") is a subsidiary of the Munich Re Group, a global insurance company, as well as an affiliate of the Munich Re Syndicate Limited.

5. Upon information and belief, Roanoke maintains its headquarters at 1475 E. Woodfield Road, Suite 500, Schaumburg, IL and acts as an insurance broker and agent providing insurance coverage as authorized by certain underwriters at Lloyd's of London including Munich Re Syndicate Limited.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §1332 because Plaintiff and the Defendants are citizens of different states, and the amount in controversy exceeds seventy five thousand dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to the claim occurred, or a substantial part of the property that is a subject of this action was situated in this judicial district, including the following:

(i) the insured goods were shipped from NeuroLogica's facility in Massachusetts consistent with the terms of the Policy (defined below) and Certificate of Insurance (defined below); and

(ii) the Policy and Certificate of Insurance issued to NeuroLogica by Defendants required Defendants to insure the goods sold and shipped by NeuroLogica from Massachusetts to Patna, India; and

(iii) the Policy and Certificate of Insurance were issued to NeuroLogica at its offices in Danvers, Massachusetts.

7. Upon information and belief, the Policy expressly states that "in the event of the failure of the Underwriters … subscribing this insurance … to pay any amount claimed to be due hereunder, the Underwriters, at the request of the Assured, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America."

2900581.1 116619-105449

**FACTUAL BACKGROUND**

8. NeuroLogica shipped an OmniTom CT Scanner ("Scanner") from its offices in Massachusetts to its customer All India Institute of Medical Sciences Patna, located in Patna, India. The shipment was sent via air freight from Boston, Massachusetts to the customer's location in Patna, India. The Scanner was shipped by NeuroLogica in about March 2020 and was brand new and in full working condition when it was packaged for shipment.

9. Munich Re Syndicate Limited is the syndicate at Lloyd's of London that subscribed to 100% of a Marine Open Cargo Policy bearing policy No. 19RPS4041 for the policy period effective November 3, 2019 to November 3, 2020 (the "Policy").

10. Upon information and belief, the Named Assured on the Policy is identified as Trade Technologies, and the Policy terms expressly include as an Assured "any bona fide holder of, or loss payee under, a Certificate of Insurance issued in accordance with Clause 48 of this Policy ... ."

11. NeuroLogica obtained a Certificate of Insurance under the applicable terms of the Policy from Roanoke bearing Certificate of Insurance No. 6239423004079 for a shipment from NeuroLogica's offices in Massachusetts to its customer in Patna, India (the "Certificate of Insurance"). Attached as Exhibit A is a copy of the Certificate of Insurance. The Certificate of Insurance and the Policy are collectively referred to as "the Policy Documents."

12. As expressly stated on the Certificate of Insurance, Roanoke is "acting as Coverholder for certain underwriters at Lloyd's (100% Munich Re Syndicate 457) under Binding Authority Agreement Number 2019 RIG Binder and policy number 19RTS4041 issued to Trade Technologies, Inc. and does insure NEUROLOGICA CORPORATION for insurances attaching thereto, to cover up to the insured value specified below."

13. The Certificate of Insurance expressly states that insurance coverage for the

3

shipment of the Scanner is provided for an insured value of Six Hundred Thirty Eight Thousand Dollars ($638,000.00).

14. Due to the various COVID-19 restrictions and limitations that were in place globally, the Scanner was not delivered to Patna until June 6, 2020.

15. Upon arrival in Patna, the Scanner was stored. When unpacked it was found to be damaged and not operational.

16. The Scanner was ultimately declared a total loss.

17. The loss was reported to Munich Re and Roanoke in accordance with the terms of the Policy Documents.

18. By letter dated December 9, 2020 from Roanoke Claims Services on behalf of Munich Re, Munich Re denied coverage for the claim citing two Policy provisions: Endorsement 4 ("concealed damage") and Section 7 ("exclusions"). There was no other explanation or analysis of the availability of coverage or the reasons for the denial of all coverage under the Policy Documents.

19. By letter dated March 5, 2021, NeuroLogica requested that Munich Re reconsider its denial of coverage, reverse its decision, and pay the claim in full as required by the Policy Documents. The letter explained that neither of the cited provisions in Munich Re's denial of coverage applied to bar NeuroLogica's claim and set forth in detail some of the reasons that the loss is covered under the Policy Documents.

20. By letter dated April 26, 2021, Roanoke Claims Service reaffirmed and restated its denial of coverage under the Policy Documents without any further substantive analysis or explanation, and did not respond to any of the issues set forth in NeuroLogica's March 5 letter.

21. The Defendants' denial of coverage is a breach of their obligations under the terms

of the Policy Documents. As a result NeuroLogica has been forced to incur substantial and ongoing fees and costs and has suffered damages that include a total loss of the Scanner insured under the Policy Documents, which damages are in excess of Seventy Five Thousand Dollars ($75,000).

## CAUSES OF ACTION

### COUNT ONE
### DECLARATORY JUDGMENT

22. NeuroLogica incorporates and realleges all of the foregoing paragraphs as if fully set forth herein.

23. NeuroLogica is an Assured under the Policy and Certificate of Insurance and therefore Munich Re and Roanoke have a duty to provide insurance coverage to NeuroLogica consistent with the terms and conditions of the Policy Documents.

24. NeuroLogica timely tendered its claim to Munich Re and Roanoke under the terms of the Policy Documents and complied with all other terms and conditions of the Policy Documents.

25. Despite NeuroLogica's timely tender of its claim under the Policy Documents to Defendants, and NeuroLogica's compliance with the other applicable terms and conditions of the Policy Documents, Munich Re has refused to provide insurance coverage to NeuroLogica with respect to the loss of the Scanner, and even restated its denial of coverage on two separate occasions without any review or explanation.

26. Defendants are and were at all relevant times contractually obligated pursuant to the Policy Documents to provide insurance coverage to NeuroLogica in the event of a total loss of the Scanner as a result of the shipment from Massachusetts to Patna, India under the terms and conditions of the Policy Documents.

2900581.1 116619-105449

27. Defendants have failed to make payment for the total loss of the Scanner as required by the terms and conditions of the Policy Documents.

28. An actual justiciable controversy exists between NeuroLogica and Munich Re and Roanoke over the Defendants' duty to provide insurance coverage to NeuroLogica under the Policy Documents.

29. NeuroLogica seeks a declaration by this Court that insurance coverage is provided for its loss and related damages, and that the Defendants have a duty to provide insurance coverage to NeuroLogica for the total value of the Scanner and related damages.

## COUNT TWO
## (BREACH OF CONTRACT)

30. NeuroLogica incorporates and realleges the foregoing paragraphs as if fully set forth herein.

31. The Policy Documents are enforceable contracts.

32. NeuroLogica is an Assured under the terms of the Policy Documents.

33. Defendants have a duty to provide insurance coverage to NeuroLogica for the total loss suffered in connection with its shipment of the Scanner to its customer in Patna, India.

34. NeuroLogica timely tendered its claim for insurance coverage under the Policy Documents to the Defendants.

35. NeuroLogica complied with all of the terms and conditions of the Policy Documents.

36. Despite NeuroLogica's timely tender of its claim for insurance coverage and its compliance with all other terms and conditions of the Policy Documents, Defendants have refused to provide insurance coverage as required by the express terms of the Policy Documents, and even restated its denial of coverage on two separate occasions without any review or explanation.

37. Defendants are and were at all relevant times contractually obligated pursuant to the Policy Documents to provide insurance coverage to NeuroLogica in the event of a total loss of the Scanner as a result of the shipment from Massachusetts to Patna, India under the terms and conditions of the Policy Documents.

38. Defendants have breached their contractual duty to provide insurance coverage to NeuroLogica by denying NeuroLogica's claim for insurance coverage without basis, and failing to make payment for the total loss of the Scanner as required by the terms and conditions of the Policy Documents.

39. Munich Re and Roanoke are liable to NeuroLogica for their breach of contract of the Policy Documents in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) to be determined at trial together with interest and costs.

**WHEREFORE**, NeuroLogica Corporation prays for entry of a judgment in its favor and against Defendant Munich Re Syndicate Limited and Defendant Roanoke Insurance Group Inc. as follows:

(i) Declaratory Judgment against each of the Defendants declaring that the Defendants are obligated to provide insurance coverage to NeuroLogica Corp. under the Policy Documents for the total loss of the Scanner as a result of the shipment to NeuroLogica's customer in Patna, India;

Awarding NeuroLogica damages arising from the Defendants' breach of the Policy Documents;

(ii) Awarding NeuroLogica attorney's fees, interest and costs; and

(iii) Awarding NeuroLogica all other and additional relief that this Court deems just and proper.

**Plaintiff NeuroLogica Corp.**
**By Its Attorneys,**

*/s/ Andrea Kramer*

John T. Wolak (*motion for admission pro hac vice will be filed*)
 jwolak@gibbonslaw.com
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

and

Andrea C. Kramer (BBO# 632584)
 andrea@kramerlawllc.com
Kramer Law LLC
P.O. Box 1436
Brewster, MA  02631
617) 780-1685

Dated:  June 4, 2021